## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JKEM WOODSON,**

    **Plaintiff,**

**v.**                                                                                 **Case No.:**

**AUTO SAFE & SOUND, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JKEM WOODSON, by and through Plaintiff's undersigned counsel, hereby brings this action against Defendant, AUTO SAFE & SOUND, INC., and states:

## NATURE OF THE CLAIMS

1.      This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, for failure to pay overtime, violation of 42 U.S.C. §1981 ("Section 1981"), and the anti-retaliation provision of Florida's Worker Compensation Act, specifically Fla. Stat. 440.205

## JURISDICTION

2.      Jurisdiction is proper in this Court pursuant to Fed.R.Civ.P. § 1331 and § 1367.

## VENUE

3.      The venue of this Court is proper because this Judicial District is the location where Defendant operates its facilities for business and is the county where the causes of action accrued in that the unlawful employment practices detailed below occurred.

## FACTS

4.  At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA.

5.  At all times material hereto, Plaintiff was an "employee" of Defendants as defined by the FLSA, Section 1981, and Fla. Stat. 440.205.

6.  At all times material hereto, Defendants were an "employer" within the meanings of the FLSA, Section 1981, and Fla. Stat. 440.205.

7.  Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1)(A). Defendant also has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

8.  As part of his regular job duties for Defendant Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

9.  Plaintiffs also regularly and recurrently used instrumentalities of interstate commerce in his work. Thus, Plaintiff was also subject to the individual coverage of the FLSA.

10. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

## GENERAL ALLEGATIONS

11. Plaintiff has been required to retain the undersigned counsel to represent them in this action and is obliged to pay them a reasonable fee for their services.

12. Plaintiff requests a jury trial for all issues so triable.

13. Plaintiff satisfied all conditions precedent.

2

14. Plaintiff is an African-American male. He was employed by Defendant to work as an auto detailer from September 19, 2014 until his illegal discharge in January of 2015.

15. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

16. Plaintiffs should have been compensated at the rate of one and one-half times Plaintiff's regular rates for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

17. Plaintiff was not paid any additional monies for the overtime work he performed for Defendants.

18. Defendant's violation of the FLSA was willful and showed a reckless disregard for the requirements of the law.

19. Additionally, during his employment Plaintiff was subjected to race discrimination by Defendant including, but not limited to, less favorable working conditions, and his termination. Employees outside of Plaintiff's protected class were treated more favorably, including, for example, Ryan l/k/u White, Nathan l/k/u (White) and Mikey l/k/u (White).

20. Ryan l/k/u White, Nathan l/k/u (White) and Mikey l/k/u (White) also routinely told racial jokes referring to Plaintiff's race as inferior. In January of 2015, shortly before his termination, Plaintiff complained to Defendant about the racial jokes, and about the disparate treatment based on his race, but Defendant took no remedial action.

21. Plaintiff also suffered a work-related injury and informed Defendant of his injury.

22. Plaintiff was terminated in January of 2015 because he complained about race discrimination to Defendant, and due to his race, and because he engaged in a protected activity as defined under Florida's Worker Compensation Act.

3

## COUNT I – FLSA OVERTIME VIOLATIONS

23.    Plaintiff re-alleges and readopts the allegations of Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.    During the statutory period, Plaintiff worked overtime hours while employed by Defendant and was not compensated for these hours in accordance with the FLSA.

25.    As a result of the foregoing, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issues and that this Court take jurisdiction over the case;

(c)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

(d)    Judgment against Defendant that its violations of the FLSA were willful;

(e)    An equal amount to the overtime damages as liquidated damages;

(f)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

(g)    A declaration that Defendant's practices as to Plaintiff were unlawful and grant Plaintiff equitable relief;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as the Court deems just and equitable.

4

## COUNT II – RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

26.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of his Complaint as though fully set forth herein.

27.     The foregoing actions of Defendant constitute unlawful discrimination in violation of 42 U.S.C. § 1981.

28.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

**WHEREFORE**, Plaintiff respectfully prays for the following:

a.     a trial by jury on all issues so triable;

b.     that process issue and this Court take jurisdiction over this case;

c.     judgment against Defendant and for Plaintiff awarding compensatory and punitive damages against Defendant for Defendant's violations of law enumerated herein;

d.     judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

e.     reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f.     prejudgment interest on all monetary recovery obtained;

5

g.     judgment against the Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

h.     such further relief as is equitable and just.

## COUNT III – RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

29.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of his Complaint as though fully set forth herein.

30.     The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of 42 U.S.C. § 1981.

31.     The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and/or harassment.

32.     Plaintiff was injured due to Defendant's violations of 42 U.S.C. § 1981, including but not limited to losing his job, to which Plaintiff is entitled to legal and injunctive relief.

33.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

**WHEREFORE,** Plaintiff respectfully prays for the following:

a.     a trial by jury on all issues so triable;

b.     that process issue and this Court take jurisdiction over this case;

c.     judgment against Defendant and for Plaintiff awarding compensatory and punitive damages against Defendant for Defendant's violations of law enumerated herein;

d.     judgment against Defendant and for Plaintiff permanently enjoining
       Defendant from future violations of law enumerated herein and remedying
       all lost income, raises, promotions, and other benefits of which Plaintiff
       was unlawfully deprived;

e.     reinstatement of Plaintiff to a position comparable to his prior position, or
       in the alternative, front pay;

f.     prejudgment interest on all monetary recovery obtained;

g.     judgment against the Defendant and for Plaintiff awarding Plaintiff
       attorney's fees and costs; and

h.     such further relief as is equitable and just.

## COUNT IV – WORKERS' COMPENSATION RETALIATION

34.    Plaintiff re-alleges and readopts paragraphs 1 through 22 of this Complaint as
though fully set forth herein.

35.    Plaintiff engaged in a protected activity in accordance with Florida's Workers'
Compensation Act.

36.    Plaintiff was retaliated against by Defendant as a result of engaging in a protected
activity under Florida's Workers' Compensation Act, including but not limited to being
terminated.

37.    Plaintiff was injured due to Defendant's violations of Section 440.205 of the
Florida Statutes, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) The Court enter a judgment that Defendant retaliated against Plaintiff in
violation of the Section 440.205 Fla. Stat.;

(b) That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Section 440.205 Fla. Stat.;

(d) Reinstatement to the same position held before the retaliatory personnel action, or to an equivalent position;

(e) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

(f) Compensation for lost wages, benefits, and other remuneration;

(g) Compensatory damages, including emotional distress, allowable at law; and

(h) For such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

41.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

DATED this ____ day of February, 2015.

Respectfully submitted,

**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**

8